UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RONALD JENKINS** | **CIVIL ACTION NO. 10-1340-P** |
| **VERSUS** | **JUDGE WALTER** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ronald Jenkins ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 24, 2010. Plaintiff claims his civil rights were violated while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names James LeBlanc and the Louisiana Department of Corrections as defendants.

Plaintiff claims that since February 2009, he has suffered with knee problems. He claims the medical staff at David Wade Correctional Center examined and x-rayed his knees and sent him to E.A. Conway Hospital for an appointment with an orthopedic doctor. Plaintiff claims the orthopedic doctor examined him, x-rayed his knees, and referred him to LSU Medical Center for surgery and possible replacement of both knees.

Plaintiff claims that in March 2010, he was examined by a doctor at LSU Medical Center. He claims the doctor x-rayed his knees and advised him that he needed knee replacement surgery. He claims the doctor refused to perform the surgery because of budget cuts. He claims he informed the doctor that he was in constant pain, it was almost unbearable to stand, and his knees continued to get weaker. Plaintiff claims the doctor told him there was nothing he could do for him and suggested he see the prison doctor for pain medication.

Plaintiff claims he is currently confined to a wheelchair. He claims he has been denied pain medication because it is a narcotic. However, he admits that he was given medication for soreness and swelling in his knees. He claims he receives Celebrex for his condition. He claims he misses meals because it is too painful to get out of bed. He claims he has lost 15 pounds.

Plaintiff claims Secretary LeBlanc has ordered that DOC will not pay for any costly surgery that is not life threatening because of budget cuts.

Accordingly, Plaintiff seeks injunctive relief, knee replacement surgery, and compensatory, punitive and nominal damages.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person

acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that

Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen by the medical staff numerous times and provided medication and a wheelchair for his condition. However, he disagrees with the medical treatment he received. He claims he should have been given knee replacement surgery as recommended by the doctor at LSU Medical Center.

In Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir.1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. Rather, it indicated that the doctors had differing opinions as to the appropriate method of treatment under the circumstances. Therefore, the medical staff at David Wade Correctional Center was under no obligation to follow the recommendations of the non-prison physician. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Plaintiff's allegations, if accepted as true, may

amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10 day of May 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE